CITY OF HAMMOND *v.* DARLINGTON ET AL.

[No. 29,877. Filed December 7, 1959. Rehearing denied April 6, 1961.]

*James J. Richards,* of Hammond, *Alan W. Boyd, Charles M. Wells* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, all of Indianapolis, for appellant.

*James K. Northam,* of Indianapolis, *Owen W. Crumpacker* and *Theodore M. Gemberling,* of Hammond, for appellees.

ACHOR, J.—This is an action to recover attorneys' fees for legal services performed by a taxpayer attorney for legal services performed by him, which services have prevented payment of 124 judgments taken against the City of Hammond in the sum of $950,000. A bond issue for the payment of these judgments had been authorized and notice thereof issued. Appellee obtained an injunction against said bond issue and against the payment of judgments on the ground of fraud and collusion in their procurement.

The judgment in that case was appealed to the Appellate Court. *Gilkison et al.* v. *Darlington* (1952), 123 Ind. App. 28, 45-46, 47-48, 106 N. E. 2d 473. The Appellate Court reversed the decree of injunction as being too broad, but affirmed that portion of the judgment which determined " 'That each and all of those certain purported judgments against the City of Hammond, . . . are void.' " However, since said action was *"in equity* by a *third party,* attacking judgments *in law,"* the Appellate Court stated further that, ". . . the court, having decreed the judgments void as entered, should have returned the parties to the *status quo* by also ordering the judgments set aside," and readjudicated on the basis of the merits of each case. In reaching this conclusion the Appellate Court stated:

> "Furthermore, the findings of fact do not show that all the original actions were not based upon valid claims against the City of Hammond, or that all of the parties had knowledge of the fraud practiced upon the court by their attorneys. In fact, the findings of fact contain strong inferences to the contrary. However, the court's findings of fact are so involved with generalizations and conclusions that it is impossible to determine with reasonable certainty the extent to which said judgments were grounded upon valid or invalid claims against the City of Hammond. . . ."

Further the Appellate Court observed that by setting aside the judgment in each of the 124 cases and redetermining each case upon its merits, such procedure would ". . . protect those individuals whose claims may be meritorious in whole or in part and, at the same time defeat those claims which are not valid, . . ."

The question thus presented is whether under the record there has been such a disposition of the litigation that appellee as a taxpayer-attorney is now entitled to a fee from the city for his services.

The question of fees for appellee's services was considered by the Appellate Court in the previous appeal [*Gilkison* v. *Darlington, supra,* at p. 48]. It approved Conclusion No. 9 of the trial court, which was as follows:

"On the incidental and ancillary issue between plaintiff and the city relative to his reimbursement for his expenses incurred on its behalf in this action, *he is entitled to such reimbursement,* but the reasonable amount and extent thereof cannot yet be determined by the court, because of the fact that this action and said expenses will continue through future stages, and plaintiff's said expenses in this case will compose a related whole. The court should defer action and retain jurisdiction thereof until this cause is finally concluded both in this court and on appeal. . . ." [pp. 47-48 of Appellant's Brief on Petition to Transfer.]

However, approval of the above Conclusion No. 9 is not an adjudication that appellee is presently entitled to his fees, rather it is a finding that such fees should be paid only upon final determination of the subject matter in litigation, at which time the amount of the services performed and the saving effected for the city could be determined.

What is the evidence regarding the final disposition of the cases in litigation and of the actual saving which this litigation has accomplished? It was stipulated by the parties in this case that "in all the 124 cases involved in the Gilkison case, *supra,* the official records in Lake Superior Court, Rooms 1 and 5 (where the cases were adjudicated), no entries have been made, (and) no judgments (have been) entered for or against the City of Hammond since November 13, 1952" when transfer of the Gilkison case was denied by this court.

True, appellee testified, that, "I think I can prove that the 124 judgments are dead as dodos." However,

appellee by this statement did not provide any evidence of a final disposition of any of those judgments against the city. Rather, as stated by one of the witnesses for appellee, "as long as they stand, there is always the possibility that bona fide plaintiffs are involved."

There is no question that appellee has performed a valuable and laborious service for the appellant and for this he is to be commended. However, as the record stands before us there is no evidence regarding the amount of the saving which appellee has actually accomplished for the city, which saving is a necessary element to any determination regarding the amount of the fee to which appellee is entitled for his voluntary services. We therefore conclude that the judgment of the trial court is not sustained by sufficient evidence and must be set aside.

Other issues argued to this court are as follows: First, it is argued that this court is not permitted to consider the sufficiency of the evidence for the reason that all the record in the original action of *Gilkison* v. *Darlington, supra* (123 Ind. App. 28) was not called for by the praecipe in the current case. It is a fact that the praecipe only called for a transcript in the former case from and after the 17th day of March, 1950, whereas much of the proceedings in that case transpired before that date.

It is a general rule that the Supreme and Appellate Courts of Indiana will consider only that which is called for by the praecipe and included in the transcript. However, in ancillary or subsequent appeals the court may take judicial notice of the record in the former appeal, even though the current appeal involves a new or limited phase of the former appeal. *In re Harrison, etc.* (1953), 231 Ind. 665, 666, 109 N. E. 2d 722; *State ex rel. Stanton* v.

*Murray; Stanton* v. *State* (1952), 231 Ind. 223, 233, 108 N. E. 2d 251; *Indianapolis Dairymen's Co-op.* v. *Bottema* (1948), 226 Ind. 260, 79 N. E. 2d 412; *Rooker* v. *Fidelity Trust Co., Trustee* (1931), 202 Ind. 641, 653, 177 N. E. 454. Therefore the Appellate Court could properly have taken judicial notice of the record in the former Gilkison case.

Secondly, appellant, City of Hammond, maintains that although appellee may have performed services which have greatly benefited the taxpayers of the City of Hammond, the appellee is not entitled to payment for his services and expenses since there is no contract for his services and no separate fund exists or has been recovered out of which to pay his fee. This position cannot be sustained. When appellee filed his action a $950,000 bond issue had been authorized and the bonds were to be sold to a bona fide purchaser within six days. The money would have certainly been paid to the judgment holders and lost to the taxpayers of Hammond had not Darlington entered into the litigation and stopped the sale of the bonds. Because of the facts revealed by Darlington's complaint the enlightened citizens of Hammond through their City Council repealed the bond issue ordinance. To the extent that the 124 cases are readjudicated in favor of the City of Hammond, a savings will be realized for the taxpayers of the City of Hammond just as realistically as though recovered after an illegal expenditure.

The fact that no fund was brought into existence by the bond issue out of which payment could be made, or that no sum of money was actually recovered, provides no justification for denying recovery for services rendered which prevents the payment of money by the city which otherwise it would be obligated to pay.

The principle has been considered by other jurisdictions.

In a recent Iowa case the Supreme Court of that state adopted the New York rule as stated in the case of *Bysheim* v. *Miranda* (Sup. Ct. 1943), 45 N. Y. S. 2d 473, 475, as follows:

" 'The court cannot subscribe to the narrow view that the creation or production of a fund is a *sine qua non* for an award of compensation. The principle on which allowances in derivative actions are made is that those who share in a benefit produced by one of their number should justly share in the expense of producing the benefit. Under that principle it is manifest that the award depends upon the production of the benefit and not upon the form that the benefit may take. That benefit may be in the form of the creation of a fund or the reduction or cancellation of a debt. It may be in the form of the prevention of. a loss or the defeat of an adverse claim.' "

*State ex rel. Weede* v. *Bechtel* (1952), 244 Iowa 785, 814, 56 N. W. 2d 173, 179. We subscribe to the above proposition of law as controlling in this case.

Finally appellant asserts that since "Darlington was the plaintiff" in the case in chief, he "could not employ or be indebted to himself as an attorney," and thus maintain an action for attorney fees. Appellant relies heavily on cases which do not allow trustees of an estate to collect fees as an attorney. The theory, which will not allow a trustee to make a profit from his office, does not apply to this case. Here the services were not those of a fiduciary as in the case of the trustee. Neither is the cause of action which Darlington has brought his own. Here the real parties in interest are the taxpayers of Hammond and the services which appellee performed were legal services for such taxpayers as a class. *Koster* v. *Lumbermen's Mu-*

*tual Casualty Co.* (1946), 330 U. S. 518, 522, 67 S. Ct. 828, 830, 91 L. Ed. 1067. All of the taxpayers profited by appellee Darlington's legal services which he as a taxpayer was authorized to prosecute as a member of the class. As such taxpayer-attorney appellee is entitled to be paid for his legal services according to the nature and extent of such services and according to the measure that they have financially benefited the city. Obviously appellee may not collect as an attorney and then collect again for the same services as a nonattorney-plaintiff.

For the reasons herein given, the judgment of the lower court is ordered set aside and the cause is ordered continued for the submission of further evidence pertaining to the final determination of the judgments in each of the 124 cases which are the primary subjects of this litigation, and the trial court in this cause is directed to fix a reasonable attorney's fee in those cases which have been finally determined and as the remainder are finally determined.

Judgment reversed.

Arterburn, C. J., Bobbitt, Jackson and Landis, JJ., concur.

## ON PETITION FOR REHEARING

Achor, J.—Appellees assert two grounds for rehearing.

First, appellees insist that the present record is insufficient because it does not contain a transcript of the entire record in the primary case formerly appealed to the Appellate Court and presented to this court on petition to transfer. See *Gilkison et al.* v. *Darlington* (1952), 123 Ind. App. 28, 106 N. E. 2d 473, transfer denied. In support of this contention, appellees reassert

that the entire record in the former appeal is necessary to a decision upon the subject of attorneys' fees since nearly all the services for which appellees seek compensation are evidenced by that record.

In particular, appellees challenge the propriety of the following statement contained in the opinion of this court in *City of Hammond* v. *Darlington* (1959), 241 Ind. 536, 162 N. E. 2d 619, 621:

> ". . . However, in ancillary or subsequent appeals the court may take judicial notice of the record in the former appeal, even though the current appeal involves a new or limited phase of the former appeal. . . ."

Because of the apparent complexity which the above statement poses in the minds of the appellees, it seems appropriate for this court to clarify its position by further saying that the rule of procedure quoted is not intended to apply to the evidence in the former case.

In the case before us (assuming that the purported saving to the city had been accomplished), there is ample evidence in the record as to the nature, extent and value of the services of attorneys in their efforts to relieve the City of Hammond of the liability of the judgments taken against it. The record previously made in this litigation was not required, nor was it introduced as part of the record in this aspect of the case. Therefore, no error could be predicated upon failure to incorporate such previous record in this proceedings.

However, it became necessary for the Appellate Court in this appeal (and this court on transfer, 241 Ind. 536, 162 N. E. 2d 619 *supra*) to take judicial notice of the record in the original appeal because of the fact that the opinion in that appeal affirmed

Conclusion No. 9 of the trial court, relative to the allowance of appellants' fees *by number only*, without setting forth the conclusion in its full context. For this reason it was necessary and proper that the Appellate Court and this court go to the record or "take judicial knowledge" of such Conclusion No. 9, as contained in the record, for the purpose of construing the opinion. The authorities cited in the earlier opinion of this court clearly sustain this position.

Secondly, appellees maintain that the record in this appeal discloses that the conditions of the opinion of the Appellate Court have been complied with and therefore appellees are entitled to their fees. Appellees cite the fact that pursuant to the remand of the case in said appeal the Porter Circuit Court entered an order setting aside the judgments in the Lake Superior Courts and that this action constituted a final disposition of such original causes of action in which judgments had been taken against the City of Hammond. Apparently appellees do not comprehend the significance of the proceedings as prescribed in the former opinion. This further statement is written in an attempt to clarify the situation and bring an end to this litigation.

A decree in the Porter Circuit Court that the judgments in the Lake Superior Courts be set aside does not *in spontaneum* constitute a final disposition of the causes of action in which the judgments were taken. Rather, upon compliance of the mandate of the Porter Circuit Court by the Lake Superior Courts, the several causes of action thereby return to the status which they held prior to the entering of the judgments in the first instance. Said causes of action are not thereby finally adjudicated.

As stated in the opinion of the Appellate Court (123 Ind. App. 28), it appeared that some of the bondholders in the several causes may have had valid claims against the City of Hammond. The savings to the city cannot be determined until the causes of action involving these claims are set aside and finally readjudicated by dismissal or by trial.

As previously stated in *City of Hammond* v. *Darlington, supra,* 241 Ind. 536, 162 N. E. 2d 619, 622:

". . . As such taxpayer-attorney appellee (Darlington) is entitled to be paid for his legal services according to the nature and extent of such services and according to the measure that they have financially benefited the city. . . ."

Under the circumstances here presented, the savings to the City of Hammond cannot be determined with certainty until it is determined that the several causes of action in the Superior Courts of Lake County are actually set aside according to the remand in the opinion of the Appellate Court and readjudicated. Accordingly, this court heretofore issued the following mandate:

"For the reason herein given, the judgment of the lower court is ordered set aside and the cause is ordered continued for the submission of further evidence pertaining to the final determination of the judgments in each of the 124 cases which are the primary subjects of this litigation, and the trial court in this cause is directed to fix a reasonable attorney's fee in those cases which have been finally determined and as the remainder are finally determined." *City of Hammond* v. *Darlington, supra,* 241 Ind. 536, 162 N. E. 2d 619 at 622.

Upon final disposition of said cases in the court below, it is directed to readjudicate the amount of fees to which appellees are entitled and to order the same paid.

Petition for rehearing is accordingly denied.

Bobbitt, C. J., Arterburn and Landis, JJ., concur.

Jackson, J., concurs in the result.

NOTE.—Reported in 162 N. E. 2d 619. Rehearing denied 173 N. E. 2d 662.