**GREENSBURG LOCAL # 761 PRINTING SPECIALITIES and Paper Products Union, Appellants (Defendants Below),**

v.

**Wilmer ROBBINS, Lois Thomas, Robert Hamilton and Ken Davis, Appellees (Plaintiffs Below).**

No. 16A04–8904–CV–00127.

Court of Appeals of Indiana, Fourth District.

Jan. 31, 1990.
Rehearing Denied April 3, 1990.

William J. Rawls, Indianapolis, for appellants.

Bob Good, Good & Good, Shelbyville, Edward F. Kelly, Gloria K. Grinnan, Landwerlen & Rothkopf, Indianapolis, for appellees.

CONOVER, Judge.

Defendant–Appellant Greensburg Local # 761 Printing and Specialities and Paper Products Union (the Union) appeals the trial court's judgment awarding litigation expenses and costs, including attorney fees to Plaintiffs–Appellees Wilmer Robbins, Lois Thomas, Lowell Hamilton and Ken Davis (collectively, Union Members).

We affirm.

The Union presents the following restated issue for our review:

whether the trial court abused its discretion in ordering the Union to pay the litigation expenses and costs, including attorney fees, incurred by Union Members in Union related litigation.

The Union is a labor union organized to represent a defined bargaining unit of the James River Corporation at its Greensburg, Indiana manufacturing plant. In 1981, Union Members, concerned with the fiscal management of the Union treasury by president Betty Blake (Blake) and Loise Idlewine (Idlewine), and believing Union funds were being converted, filed a complaint with the prosecuting attorney. Charges were filed against Blake, investigated, and later dismissed. Blake was defeated for re-election at the next regularly scheduled election and, after the installation of new officers, the Union treasury

began to increase and continued to do so substantially.

Blake filed a complaint against Union Members for defamation and malicious prosecution. Following a jury trial, judgment was entered in favor of Union Members. Union Members then filed a complaint against the Union for litigation expenses and costs, including attorney fees generated in defending Blake's claim. The case was transferred to Federal Court and subsequently transferred back to Decatur Circuit Court where Union Members received judgment for $20,000. The Union appeals.

Additional facts as necessary appear below.

Union first questions the award of attorney fees to Union Members at the successful conclusion of their litigation against Union. It posits the American Rule applies here as to the award of such fees. That Rule states each party to the litigation is required to pay his own counsel fees absent a statute or an agreement providing otherwise. *St. Joseph's College v. Morrison, Inc.* (1973), 158 Ind.App. 272, 302 N.E.2d 865, 871. However, when an award of attorney fees is made below and called into question on appeal, we normally consider certain equitable exceptions to that Rule using a multi-tiered standard of review. As Staton, J. has said:

Initially, we review the trial court's findings of fact under the clearly erroneous standard. We then review *de novo* the trial court's legal conclusion that a party either (1) brought an action or defense on a claim or defense that is frivolous, unreasonable or groundless, or (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable or groundless, or (3) litigated the action in bad faith. Finally, we review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard. (Citing cases).

*Kahn v. Cundiff* (1989), Ind.App. 1 Dist., 533 N.E.2d 164, 167, aff'd (1983), Ind., 543 N.E.2d 627. Here, however, no findings of fact or conclusions of law were made below. Only a general judgment awarding attorney fees and costs was entered.

■ When the trial court makes no findings of fact, we presume the general judgment is based on findings supported by the evidence. We do not weigh conflicting evidence, but consider only the evidence most favorable to the prevailing party. If there is evidence having probative value which sustains the judgment of the court below, the judgment will not be disturbed. Finally, when confronted with a general finding in favor of the plaintiff, we must affirm the judgment of the court if it is sustainable upon any legal theory which is supported by the evidence. *Potts v. Offutt* (1985), Ind.App. 3 Dist., 481 N.E.2d 429, 431; *Van Orman v. State* (1981), Ind.App. 3 Dist., 416 N.E.2d 1301, 1304. We initially apply that standard here.

Union further maintains no recognized exception to the American Rule permits the award made below. In particular, the Union argues the common fund exception is inapplicable since no fund was created or preserved for the benefit of the Union as a whole. We disagree.

■ Although Indiana follows the American Rule, *St. Joseph's College, supra*, 302 N.E.2d at 871, several exceptions have evolved in recent years. *Id.*, at 870. These exceptions permit a trial court to use its inherent equitable powers to allow such fees in a proper case where a party acted in bad faith (the obdurate behavior exception), where the court wants to insure the beneficiaries of an action share the expenses of the action (the common fund exception), and where the court compensates a private party who brought suit to effectuate a strong legislative policy (the private attorney general exception). *Cox v. Ubik* (1981), Ind.App. 3 Dist., 424 N.E.2d 127, 129; *St. Joseph's College, supra*, 302 N.E.2d at 870. As we find the award sustainable under the common fund exception, our discussion will be limited accordingly.

The common fund exception has long been recognized by Indiana Courts. *Garvin v. Rappaport* (1940), 216 Ind. 471, 25 N.E.2d 249, 251. In *St. Joseph's College,*

*supra,* the court explained the common fund exception as follows:

.    .    .    .    .

Here the courts use their equitable powers to insure that the beneficiaries of litigation are the ones who share the expense. This is a defensive use of the equitable power of the courts to prevent the unjust enrichment of "free riders." *Id.* 302 N.E.2d at 870. Further, the fact no fund was created or no sum actually recovered provides no justification for denying recovery for services rendered. *City of Hammond v. Darlington* (1959), 241 Ind. 536, 162 N.E.2d 619, 621, *reh. denied* (1961), 241 Ind. 536, 173 N.E.2d 662. Where a benefit is conferred, either by "... preservation or recovery ... the beneficiaries may be required to equally bear the cost of reasonable attorney fees." *City of East Chicago v. Broomes* (1984), Ind.App. 3 Dist., 468 N.E.2d 231, 234, *reh. denied, trans. denied.*

The record here does not indicate why internal Union measures were not used to investigate the suspected wrongdoing. The trial court reasonably could have inferred Blake's presidential standing deterred this measure. Further, the union treasury, the subject of the Union Members' efforts, increased substantially after Blake's defeat. While different financial management theories may account for this, an equally viable explanation is the Union Members' efforts protected and preserved the treasury, benefitting the Union as a whole. The suit against Union Members was a part of the whole transaction which ultimately increased the funds in the Union's treasury. The trial court did not abuse its discretion in ordering the Union to pay the Union Members' litigation expenses and costs, including attorney fees, under the *common fund* exception. Substantial evidence supports the trial court's judgment.

Affirmed.

MILLER, J., concurs.

HOFFMAN, P.J., dissents with separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent from the majority's determination that attorney fees were properly awarded under the common fund theory.

The common fund exception was established by the Supreme Court of Indiana in the case of *City of Hammond v. Darlington et al.* (1959), 241 Ind. 536, 162 N.E.2d 619. In *Darlington,* the Supreme Court held that where representatives of a class perform services from which all other class members receive a benefit, either through the preservation or recovery of a fund, the beneficiaries may be required to equally bear the cost of reasonable attorney fees. *Id.* at 542, 162 N.E.2d at 621; *see also City of East Chicago v. Broomes* (1984), Ind.App., 468 N.E.2d 231, 234.

I fail to perceive how the Union Members' defense against a malicious prosecution action, which action gave rise to their claim for attorney fees, served to create or preserve the Union treasury fund. The general rule that each party must pay its own attorney fees is controlling.

I vote to reverse the trial court's judgment.