Claudine HOEPNER, Appellant–
Defendant Below,

v.

Lester P. WRIGHT, Appellee–
Plaintiff Below.

No. 18A02–9301–CV–42.

Court of Appeals of Indiana,
Third District.

Oct. 27, 1993.

Donald D. Chiappetta, Muncie, for appellant-defendant.

Fredrick W. Wenger, Dennis, Wenger & Abrell, Muncie, for appellee-plaintiff.

STATON, Judge.

Claudine Hoepner appeals the decision of the Delaware County Circuit Court which set aside her purchase of Lester Wright's real property from Delaware County. Hoepner presents one issue for our review which we restate as whether Lester Wright had standing to bring this action.[1]

We affirm.

Since March of 1984, when Wright purchased the tract of real property at issue from Gerald and Barbara Chavin (the "Chavins"), Wright has operated a business on the tract. Because Wright never recorded his deed, the county auditor believed the Chavins were still the owners of the tract and continued to send the Chavins the tax notices for the tract. Wright subsequently became delinquent on the property taxes for the tract.

On September 1, 1988, the Delaware County Auditor sent the record owners, the

---

1. Hoepner also questions the Court's ruling setting aside the sale. However, Hoepner does not provide legal analysis or citation to relevant authority to support her claim. This failure constitutes waiver of the issue on appeal. *Lee v. State* (1991), Ind.App., 569 N.E.2d 717, 721, *trans. denied.*

Chavins, Notice of a Tax Sale. On August 10, 1989, the county auditor again sent the Chavins Notice of a Tax Sale. On January 30, 1991, the county auditor issued a tax sale certificate to Delaware County.[2] The county auditor, acting on the behalf of the county, subsequently sold the tract to Hoepner.

On August 29, 1991, Wright filed his complaint against the Board of Commissioners of Delaware County, the Delaware County Auditor and Hoepner. By motion, Hoepner attacked Wright's standing to bring the action, but the trial court denied the motion and granted judgment in Wright's favor. Hoepner appeals.

As in the present case, when a county acquires real property following a tax sale under IND. CODE 6–1.1–24–6 (Supp.1992), the "county auditor *shall* mail a notice by certified mail before March 31 of each year to each [person who resides or conducts business on the tracts acquired by the county]. The notice *must* state that the county has acquired title to the tract [of real estate] the person occupies." IND. CODE 6–1.1–25–9(b) and (c) (Supp.1992) (emphasis added). While this notice to an occupant is plainly required, in the present case, the county auditor admitted that he failed, *inter alia*, to supply the notice required by IC 6–1.1–25–9(c).

■ Hoepner argues Wright lacks a present and substantial interest in the relief which Wright sought. *See Brenner v. Powers* (1992), Ind.App., 584 N.E.2d 569, 573, *reh. denied.* Particularly, Hoepner argues Wright is ineligible to acquire the property in a sale from the county under IND. CODE 36–1–11–16 (Supp.1992) which provides in relevant part:

> (a) ... (1) [a] person who could have redeemed a tract [as an occupant[3], but] who did not redeem the tract before a deed for the tract was issued to a county under IC 6–1.1–25–4 ... (b) ... may not

purchase, receive, or lease a tract the person could have redeemed when the tract is offered in a sale, exchange, or lease under this chapter....

Hoepner argues that Wright is ineligible as an occupant who could have redeemed the tract at a subsequent sale under IC 6–1.1–25–1, because he failed to redeem the tract before the deed was issued to the county. Therefore, Hoepner concludes that Wright has no present interest in the relief sought. We disagree.

■ Wright was a physical occupant of the tract. However, when construing the words of a single section of a statute, the court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the purpose of the act. *Detterline v. Bonaventura* (1984), Ind.App., 465 N.E.2d 215, 218, *trans. denied.* The notice required under IC 6–1.1–25–9(c) allows an occupant to protect his interest in the tract. We conclude that inherent in the ineligibility created in IC 36–1–11–16 is a legislative presumption that the county auditor fulfilled his duty under IC 6–1.1–25–9(c) and provided the required notice to the occupant of the tract.

If the auditor had complied with the notice requirement of IC 6–1.1–25–9(c) and if Wright had failed to redeem the tract, Wright would be ineligible to redeem the property under IC 36–1–11–16 and would lack standing. However, in this case, the county auditor failed to provide the statutory notice and deprived Wright of his chance as occupant to protect his interest in the tract. Because the county auditor failed to provide statutory notice to the occupant of a tract acquired by the county, Wright had a present and substantial interest in attempting to set aside the sale of the tract. The trial court correctly found Wright had

---

**2.** The county auditor failed to follow the procedures set forth in IND. CODE 6–1.1–24–6 (Supp. 1992).

**3.** IC 36–1–11–16 refers to IC 6–1.1–25–1 which provides that "An occupant ... [of] a tract sold under IC 6–1.1–24 may redeem the tract at any time before the date when the county auditor is required to issue a tax deed under [IC 6–1.1–25–4] by paying to the county treasurer the amount required for redemption...."

standing to pursue the action. *See Brenner, supra.*

We affirm.

GARRARD and RUCKER, JJ., concur.