**LAFAYETTE ORTHOPEDIC CLINIC,**
Appellant–Respondent,

v.

**In the Matter of the GUARDIANSHIP OF Arthur BELL, Appellee– Petitioner.**

No. 23A01–9511–CV–376.

Court of Appeals of Indiana.

Oct. 4, 1996.

James E. McCabe, Williamsport, for appellee–petitioner.

## OPINION

STATON, Judge.

Lafayette Orthopedic Clinic ("the Clinic") appeals the trial court's determination that the Clinic is responsible for a portion of the attorney fees generated from a recovery in favor of the Guardianship of Arthur Bell. The Clinic raises one issue for our review which we restate as: whether the trial court abused its discretion by determining that the Guardianship's recovery constituted a "common fund."

We reverse and remand.

The facts most favorable to the judgment reveal that Bell was injured by a third party, an independent tortfeasor. Bell sought and received treatment from several medical providers, including the Clinic. Bell never objected to the care provided by the Clinic on his behalf, nor did he dispute the amount due. Bell has now recovered sufficient funds from the third-party tortfeasor to pay his attorney fees and medical bills with monies remaining. The Guardianship filed a petition requesting that the trial court reduce the amount due to each of Bell's medical providers, including the Clinic. The Clinic objected to any reduction. The trial court determined that Bell's recovery constituted a "common fund" from which the Guardianship could pay Bell's attorney fees and costs.[1] Thus, Clinic's recovery was proportionately reduced. Clinic now appeals.

■ An award of attorney fees lies within the trial court's discretion, and we will not reweigh the evidence, nor disturb the trial court's decision absent an abuse of discretion.

Nancy L. Hathaway, Gambs, Mucker, Bauman & Seeger, Lafayette, for appellant–respondent.

1. Specifically, the trial court determined in pertinent part:

\* \* \*

    2. Lafayette Orthopedic Clinic furnished and provided medical care to the Ward arising out of a personal injury suffered by the Ward, and all of the assets of the estate of the Ward consist of a fund secured by counsel for the Guardian and his efforts in presenting the personal injury claim and securing the insurance policy limits of the person injuring the Ward;

    3. Counsel is entitled to recover his fees and costs from the entirety of said common fund, and it would be inequitable if the medical care providers, including Lafayette Orthopedic Clinic, of the Ward did not share in such fees and costs, and all of such providers should share equally in the same; ...

Record at 83.

*Posey v. Lafayette Bank and Trust Co.*, 583 N.E.2d 149, 152 (Ind.Ct.App.1991), *trans. denied*. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind.1993).

Pursuant to the American Rule for recovery of attorney fees, the parties to litigation are required to pay their own attorney fees, absent an agreement, statute or rule to the contrary. *Mikel v. American Ambassador Casualty, Co.*, 644 N.E.2d 168, 170 (Ind. Ct.App.1994). One deviation from the American Rule is the common fund exception, which is used by courts to insure that the beneficiaries of an action share the expenses of the action. *Greensburg Local No. 761 Printing Specialities v. Robbins*, 549 N.E.2d 79, 80 (Ind.Ct.App.1990), *trans. denied*. The Indiana Court of Appeals explains:

> Here the courts use their equitable powers to insure that the beneficiaries of litigation are the ones who share the expense. This is a defensive use of the equitable power of the courts to prevent the unjust enrichment of 'free riders.'

*Id.* at 81 (quoting *St. Joseph's College v. Morrison, Inc.*, 158 Ind.App. 272, 302 N.E.2d 865, 870 (1973)).

The Seventh Circuit has stated that the common fund exception to the American Rule is normally applied in cases involving a plaintiff class in which:

> ... the defendant deposits a specified amount with the court for the benefit of the class in exchange for release of its liability. The attorneys' fee award is then taken as a share of the fund, thereby diminishing the sum ultimately retained by the plaintiff class.

*Skelton v. General Motors Corp.*, 860 F.2d 250, 252 (7th Cir.1988), *cert. denied*, 493 U.S. 810, 110 S.Ct. 53, 107 L.Ed.2d 22 (1989).

Moreover, the United States Supreme Court has similarly indicated that the common fund doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 749, 62 L.Ed.2d 676 (1980). A litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.[2] *Id.*

Typically, a party may be entitled to a common fund fee award when a class action ends in a settlement or a judgment for the class. Attorneys then become entitled to compensation and reimbursement for expenses from the settlement or judgment fund, if any, or from the defendants. Alba Conte, Attorney Fee Awards § 2.25 (2d. ed. 1993).

Likewise, in Indiana, the common fund exception has been applied in cases typically involving a class of plaintiffs similarly situated. *See NIPSCO v. Citizens Action Coalition*, 548 N.E.2d 153 (Ind.1989) (statute did not abrogate citizens group's common law right to recover attorney fees under common fund, and ordered attorney fees be paid out of refund due class of utility ratepayers); *City of Hammond v. Darlington*, 241 Ind. 536, 162 N.E.2d 619 (1959) (common fund applied where legal services prevented payment of 124 judgments against the City thereby realizing a savings for city taxpayers); *Greensburg Local No. 761, supra*, (common fund exception applied to union members defending malicious prosecution action arising out of claim that union converted funds); *Orr v. Sonnenburg*, 542 N.E.2d 201 (Ind.Ct.App.1989) (common fund applied in

---

2. In comparing the common fund exception to fee shifting cases, the Court noted that the common fund was appropriate when:

> ... each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf. Once the class representatives have established the defendant's liability

and the total amount of damages, members of the class can obtain their share of the recovery simply by proving their individual claims against the judgment fund. This benefit devolves with certainty upon the identifiable persons whom the court has certified as members of the class.

*Boeing, supra*, at 479, 100 S.Ct. at 749.

class action on behalf of 7,419 patients of state mental institutions), *overruled on other grounds*; *Bayh v. Sonnenburg*, 573 N.E.2d 398 (Ind.1991); *City of East Chicago, Ind. v. L.C. Broomes*, 468 N.E.2d 231 (Ind.Ct.App. 1984), *trans. denied* (common fund applied where representative taxpayers vindicated rights of all city taxpayers, and preserved over $3 million of city money). *Neese v. Richer*, 428 N.E.2d 36 (Ind.Ct.App.1981), *reh. denied* (common fund applied in shareholder derivative action).

■ The common fund doctrine has been applied in the unique instance where a litigant files suit for the benefit of others. *Boeing, supra.* Here, the trial court permits an unwarranted application of the common fund exception in an action which was brought not for the benefit of other persons but filed on behalf of the plaintiff only. The mere fact that the Clinic has an interest in Bell's recovery to the extent that Bell owes the Clinic for services previously rendered does not translate Bell's cause of action into an action filed on behalf of himself and his medical providers. Only when an action relates to a class of plaintiffs is the common fund exception available. *Boeing, supra.* By allowing the trial court's application of the common fund exception to stand, the trial court extends its application to a single personal injury claim wholly personal in nature.[3]

Accordingly, the Clinic is entitled to recover its full expenses for services rendered as Bell's recovery from the third party was sufficient to cover all of his medical expenses and attorney fees, with monies remaining. The trial court's implementation of the common fund constitutes an abuse of discretion based upon a misinterpretation of the law. *McCullough, supra.* We reverse the trial court's judgment granting the Guardianship

relief and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

NAJAM, J., concurs.

ROBERTSON, J., concurs in result.

---

**3.** *See also San Francisco v. Sweet,* 12 Cal.4th 105, 48 Cal.Rptr.2d 42, 48–49, 906 P.2d 1196, 1203 ( 1995), in which the California Supreme Court held:

A personal injury action seeking to recover damages for injuries inflicted on the plaintiff by another is not an action taken for the benefit of the plaintiff's creditors. It is prosecuted for the benefit of the plaintiff.
* * *

In common fund cases the litigation has been undertaken in contemplation that a fund will be created that will confer a benefit on a class of beneficiaries with a common interest in the benefit obtained, but a personal injury tort action is undertaken for the benefit of the injured plaintiff. The plaintiff's creditors do not have an interest in the recovery in common with the plaintiff. That the creditors may benefit from any recovery is an incidental, not an intended, benefit of the litigation.