**MORGAN COUNTY, The Morgan County Auditor and Morgan County Treasurer, Appellants–Defendants,**

**v.**

**Yale FERGUSON and Nola Ferguson, husband and wife Robert Van Buskirk and Wanda J. Van Buskirk, husband and wife, Appellees–Plaintiffs.**

No. 55A05–9804–CV–227.

Court of Appeals of Indiana.

June 9, 1999.

Phillip R. Smith, Smith & Gettelfinger, P.C., Martinsville, Indiana, Attorney for Appellant.

R. Stephen Donovan, Mooresville, Indiana, Attorney for Appellee Van Buskirk.

Mark Peden, Foley, Foley & Peden, Martinsville, Indiana, Attorney for Appellees Ferguson.

## OPINION

ROBERTSON, Senior Judge

### STATEMENT OF THE CASE

Defendants–Appellants Morgan County, the Morgan County Auditor, and Morgan

County Treasurer (collectively, "Morgan County") appeal the trial court's award of attorney fees and deposition costs to Yale Ferguson and Nola Ferguson, husband and wife (collectively, "Ferguson"), and to Robert Van Buskirk and Wanda J. Van Buskirk, husband and wife (collectively, "Van Buskirk"). Van Buskirk, as a cross-appellant, appeals the trial court's judgment in favor of Ferguson.

With regard to the appeal from the award of attorney fees and deposition costs, we reverse the trial court's judgment. With regard to the cross-appeal, we affirm.

### ISSUES

The following issues raised by Morgan County are dispositive:

I. Whether the trial court erred in awarding attorney fees to Van Buskirk pursuant to Ind.Code § 6–1.1–25–2(d).

II. Whether the trial court erred in awarding attorney fees to both Van Buskirk and Ferguson pursuant to the private attorney general exception.

The following issue consolidating two issues raised by Van Buskirk on cross-appeal is dispositive:

III. Whether the trial court erred in granting Ferguson's Ind.Trial Rule 60(B)(3) motion.

### FACTS AND PROCEDURAL HISTORY

On February 5, 1958, Thomas and Betty June Harless conveyed by warranty deed certain real property consisting of three parcels to Glen A. and Ruth I. St. John, husband and wife (collectively, "St.John"). The deed described the three parcels in the following manner: (1) the SE ¼, SW ¼ of Section 27, totaling forty acres (hereinafter, "Tract 1"); (2) the N.E. ¼, NW ¼ of Section 34, totaling thirty-nine acres (hereinafter, "Tract 2"); and (3) the SW ¼, SW1/4 of Section 27, totaling six acres (hereinafter, "Tract 3"). The deed was entered under St. John's name in the Morgan County Auditor's ("Auditor")

1956 Transfer Book, and the above-mentioned line descriptions were noted.[1]

On December 12, 1961, St. John conveyed 33.2 acres of Tract 1 to Clarence E. Kemp ("Kemp"). The Auditor's 1956 Transfer Book showed ownership of 33.2 acres of Tract 1 by Kemp, but it did not list the 6.8 acres which remained in St. John's name.

On April 8, 1963, St. John conveyed the remaining property to Ferguson. The legal description of the deed included the remaining 6.8 acres of Tract 1 and the thirty-nine acres of Tract 2, but it omitted the six acres of Tract 3. Before his death on March 19, 1996, however, St. John executed a corrective quit claim deed which conveyed Tract 3.

The Auditor's 1962 Transfer Book reflected the April 8, 1963 conveyance by making a line entry which included the thirty-nine acres of Tract 2 and the six acres of Tract 3. The Transfer Book did not list the 6.8 acres of Tract 1. Ferguson paid all taxes on the parcels listed in the Transfer Book which were assessed to him from the date of purchase until the 1989 (payable 1990) tax duplicate.

In 1989, the Auditor's office made a reassessment of all Morgan County property and all line entries in Transfer Books were verified against deeds conveying the property. Corrections were made to the Transfer Books upon these verifications. The line entries in the 1986 Transfer Book were changed by the Auditor's office because of the reassessment to reflect the legal description of the 1963 deed from St. John to Ferguson. As a result, Tract 3 was removed from Ferguson's entry and Tract 1 (6.8 acres) was added. The 1986 Transfer Book was changed to reflect St. John as the owner of Tract 3 (six acres). The Transfer Book noted St. John's 1962 Indianapolis address. New tax duplicates for 1989 (payable 1990) were generated reflecting the changes made in the Transfer Book. No notice or explanation of the changes was given to St. John or Ferguson. Ferguson paid all property taxes thereafter assessed to him; however, no taxes were paid by St. John on Tract 3. The

---

1. A line description is a notation made in the Auditor's Transfer Book which identifies the owner of a parcel of land for tax purposes.

taxes on Tract 3 remained unpaid from the 1989 assessment until the tax sale in 1994.

On October 21, 1994, Van Buskirk purchased listings of three tax sale properties. Tract 3 was listed on the tax sale listings as belonging to St. John. Van Buskirk recognized St. John as being formerly married to his aunt. Accordingly, Van Buskirk obtained St. John's Hendricks County phone number, but not St. John's current Hendricks County address, from his aunt. Van Buskirk telephoned St. John at the Hendricks County phone number regarding his ownership of Tract 3.

On approximately October 22, 1994, Van Buskirk physically visited Tract 3. He ascertained that the tract was plowed and that there were signs that the land was currently being farmed. Van Buskirk did not attempt to contact neighbors or any other person regarding ownership, occupation, or the boundaries of the property.

Van Buskirk made a successful $5,100.00 bid for Tract 3 at a tax sale. He then mailed two required certified mail notices of his purchase to St. John's incorrect Indianapolis address, both of which were returned as having an insufficient address. Van Buskirk did not mail any notice to St. John at his Hendricks County address or to Ferguson at his address. Van Buskirk prepared and filed a verified petition for tax title deed which recited that certified mail notices were sent to all property owners and those with a substantial interest in Tract 3. Van Buskirk did not disclose his contact with St. John at the subsequent tax title court hearing. Van Buskirk received a tax title deed dated December 11, 1995, which he recorded on January 9, 1996.

In the middle of February, Van Buskirk telephoned Ferguson and offered to sell Tract 3 to Ferguson for $14,000.00. Van Buskirk also signed a real estate listing agreement offering Tract 3 for sale for $25,-000.00. Van Buskirk subsequently reached an agreement with a third party to sell Tract 3 for $24,000.00.

On April 8, 1996, Van Buskirk filed a quiet title action. Ferguson answered and asserted the affirmative defenses of estoppel, fraud, illegality, and adverse possession. Ferguson also filed a counter-claim asserting slander of title, quiet title, and trespass against Van Buskirk. Additionally, Ferguson filed a cross-claim alleging that Van Buskirk's tax title deed was invalid and illegal and naming Van Buskirk and Morgan County as cross-defendants. Ferguson's claim included a Ind.Trial Rule 60(B)(3) motion to set aside the tax deed. After a hearing on the various pleadings, the trial court denied Van Buskirk's request to quiet title in his name and entered a judgment quieting title in Ferguson's name. In so doing, the trial court granted Ferguson's T.R. 60(B)(3) motion on the basis that Van Buskirk obtained the tax deed by fraud. The trial court also determined that Ferguson was entitled to "reasonable attorney fees and the costs incurred by [him] in prosecuting this action based on the fraud of [Van Buskirk]...." (R. 211). The trial court ordered that a hearing be held "to determine reasonable attorney fees as the Court may deem [Van Buskirk] or Morgan County shall be liable for herein." *Id.* After the additional hearing, the trial court ordered that Morgan County pay Van Buskirk's and Ferguson's attorney fees and costs.

*DISCUSSION AND DECISION*

I. PROPRIETY OF FEE AWARD PURSUANT TO STATUTE

As stated in the previous section of this opinion, the trial court ordered that Morgan County pay Van Buskirk's attorney fees.[2] The trial court based its attorney fee award on the following reasoning:

> The Court now reiterates its finding that Morgan County is the cause of the error in this matter by the actions as set out in the findings and order of November 21, 1997. Pursuant to that ruling the Court finds that Morgan County should be subject to costs and fees incurred by the parties pursuant to [Ind.Code § ] 6–1.1–25–2(d).
> * * * * * * * * * * *

---

2. The order, which is independent of the trial court's special findings entered November 21, 1997, does set forth the basis for the trial court's attorney fee award. None of the parties, however-

er, treat the order as one containing special findings and conclusions pursuant to Ind.Trial Rule 52. We will review the court's order as a general judgment.

The issue is whether or not Morgan County or anyone else should be liable to [Van Buskirk] for these charges. The Court in reviewing [Ind.Code § ] 6–1.1–25–2 finds that in paragraph (d) the legislature contemplated that any person who purchased at a tax sale and then had the tax deed redeemed was to be reimbursed for their costs. [quotation of statute omitted].

The legislature did not specifically include attorney fees with the redemption statute, but, did include the phrase *"The total amount required for redemption."* The Court interprets that statute to mean under the facts of this case that attorney fees as required for the attempted redemption are appropriate to be assessed. In this case there is no actual redemption but a clarification of who actually owns the property pursuant to the error made by Morgan County.

The theory of [Ind.Code § ] 6–1.1–25–2 is that the purchaser, who ends up not retaining the property as originally purchased at the tax sale, should be made whole once again at someone else's expense. It is the intent of the Court to follow the obvious direction of the legislature to make [Van Buskirk] whole again at the expense of the errant party, which is Morgan County.

(R. 224–25) (emphasis in original).

■ The general rule in Indiana and other states is that each party to litigation must pay his own attorney fees. *Umbreit v. Chester B. Stem, Inc.,* 176 Ind.App. 53, 373 N.E.2d 1116, 1119 (1978). However, an award of attorney fees may be authorized by contract, rule, statute, or agreement. *Ira v. Brock,* 615 N.E.2d 447, 449 (Ind.Ct.App. 1993). In the present case, the propriety of the trial court's award turns on the interpretation of a statute. The interpretation of a statute by a trial court is a question of law to which this court owes no deference. *Montgomery v. Estate of Montgomery,* 677 N.E.2d 571, 574 (Ind.Ct.App.1997).

■ We believe that the trial court erred for two reasons. The first reason is found in the trial court's recognition that no redemption of property has occurred. Thus Ind.Code § 6–1.1–25–2, which governs redemption, is inapplicable. *See Atkins v.*

*Niermeier,* 671 N.E.2d 155, 158 (Ind.Ct.App. 1996) (redemption of real property from tax sale is governed by statute). The second reason is found in the statute itself. Ind. Code § 6–1.1–25–1 states that an occupant or person with a substantial property interest of public record may redeem property sold in a tax sale by "paying to the county treasurer the amount required for redemption under section 2 of this chapter." Ind.Code § 6–1.1–25–2, in subsections (a) through (e), delineates how "the total amount of money required for the redemption of real estate" (hereinafter, "the redemption amount") is to be determined. Subsection (a) sets forth that the redemption amount shall be reduced "by any amounts held in the name of the taxpayer or the purchaser in the tax sale surplus fund." Subsection (b) provides that the redemption amount includes the minimum bid plus an additional percentage, while subsection (c) states that the redemption amount includes the amount by which the purchase price exceeded the minimum bid set forth in subsection (b) plus ten percent per annum on that amount. Subsection (d) states that the redemption amount includes "all taxes and special assessments upon the property paid by the purchaser subsequent to the sale plus ten percent interest per annum on those taxes and special assessments." Finally, subsection (e) lists three other "costs" as part of the redemption amount.

■ In construing a statute, it is our duty to give effect to the intention of the legislature. *Common Council of City of Peru v. Peru Daily Tribune, Inc.,* 440 N.E.2d 726, 729 (Ind.Ct.App.1982). It is important to recognize what the statute does not say as well as what it does say. *Id.* When certain items or words are specified or enumerated in the statute, then, by implication, other items or words not specified or enumerated are excluded. *Id.* Ind.Code § 6–1.1–25–2 very specifically lists what items are to be included in the redemption amount. An attorney fee award is conspicuously absent from the list, and it should not be engrafted into the list by judicial interpretation.

Van Buskirk agrees that because no redemption occurred, Ind.Code § 6–1.1–25–2

does not support an award of attorney fees in the present case. However, he argues that the trial court's award is supported by Ind. Code § 6-1.1-25-15, which states that a purchaser of a property in a tax sale may recover an amount due under Ind.Code § 6-1.1-25-12(c). Ind.Code § 6-1.1-25-12(c) provides for recovery of (1) the amount of lien prescribed by earlier subsections of the statute, (2) interest on the amount of the lien, and (3) all other lawful charges. Van Buskirk contends that "all other lawful charges" must include attorney fees.

 We find that Ind.Code § 6-1.1-25-15 and Ind.Code § 6-1.1-25-12(c) do not support the trial court's award of attorney fees in this case. The award made pursuant to the former statute is controlled by the latter statute, which specifically states that recovery is to come from "the original owner of the real property, the owner of a life estate in the real property, or any other person primarily liable for the payment of the taxes and special assessments upon the real property." The statute clearly does not contemplate recovery from a governmental entity.

In summary, we hold that the trial court erred in awarding attorney fees to Van Buskirk pursuant to statute. There is no statute that requires Morgan County to pay the attorney fees of a party which utilized Morgan County's errors to defraud both Ferguson and the Morgan Superior Court.

## II. PROPRIETY OF FEE AWARD TO FERGUSON

The trial court also ordered Morgan County to pay both Van Buskirk's and Ferguson's attorney fees pursuant to the theory of private attorney general. The trial court made the following statement in support of the award:

Under normal circumstances any costs payable to the purchaser under the redemption statute would be paid by the redeeming party, in this case [Ferguson]. As the Court found in its order of November 21, 1997, [Ferguson was] not liable for the errors created by Morgan County in this matter, but, had to defend [himself] and prosecute on [his] own behalf. The Court recognizes that the general rule in Indiana Law is that each party shall be

liable for [his] own attorney fees. The Court finds in this matter that [Van Buskirk was] acting as a private attorney general in this matter attacking the sovereign for an error committed by the sovereign. The Court does not feel that any party should have to pay money out of [his] own pocket for attorney fees to attack a sovereign, when it is found that the sovereign, as in this case Morgan County, committed the error.

Therefore, the Court finds that the theory of private attorney general applies in this matter as [to] attorney fees. The Court having reviewed the request for attorney fees ... finds that [Ferguson's] attorney fees due to [his attorney] are appropriate and necessary in order to prosecute this matter. The Court also finds that the deposition fees and other costs were necessary in order for [Ferguson] to properly prosecute [his] case. Because the Court finds that the theory of the private attorney general applies in this matter, the Court orders that the sovereign, Morgan County, be liable for [Ferguson's] costs and expenses herein.

(R. 225–26).

 Indiana recognizes three exceptions to the rule that each party must pay his own attorney fees. *Dotlich v. Dotlich,* 475 N.E.2d 331, 347 (Ind.Ct.App.1985), *reh'g denied, trans. denied.* These exceptions authorize an award of attorney fees where a party acted in bad faith (the obdurate behavior exception), where the court wants to insure the beneficiaries of an action share the expenses of the action (the common fund exception), and where the court compensates a private party who brought suit to effectuate a strong legislative policy (the private attorney general exception). *Greensburg Local No. 761 Printing Specialities v. Robbins,* 549 N.E.2d 79, 80 (Ind.Ct.App.1990), *reh'g denied, trans. denied.* We have held, however, that the private attorney general exception only applies where the party acting in the private attorney general capacity was authorized to do so by statute. *Downing v. City of Columbus,* 505 N.E.2d 841, 845 (Ind.Ct.App. 1987), *trans. denied (citing Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S.

240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) and *Umbreit,* 373 N.E.2d at 1119). Here, there is no statute authorizing either Van Buskirk or Ferguson to act as a private attorney general. There is no basis for an award of attorney fees or costs. Accordingly, the trial court erred in ordering Morgan County to pay attorney fees and costs on this basis.

### III. FRAUD

At Van Buskirk's request, the trial court issued special findings and conclusions of law pertaining to Ferguson's T.R. 60(B)(3) motion. The findings are distilled into the narrative found in our statement of facts given above.

Van Buskirk contends that the trial court erred in granting Ferguson's T.R. 60(B)(3) motion. He further contends that the trial court erred in concluding that Van Buskirk committed fraud in the procurement of the tax deed and that the tax deed should be set aside. Van Buskirk first argues that Ferguson had no standing to question the validity of the tax deed. He next argues that the findings of fact do not support the trial court's finding of fraud.

■ When a party has requested specific findings of fact and conclusions of law pursuant to Ind.Trial Rule 52(A), the reviewing court may affirm the judgment on any legal theory supported by the findings. *Mitchell v. Mitchell,* 695 N.E.2d 920, 923 (Ind.1998). In addition, before affirming on a legal theory supported by the findings but not espoused by the trial court, the reviewing court should be confident that its affirmance is consistent with all of the trial court's findings of fact and inferences drawn from the findings. *Id.* In reviewing the judgment, we first must determine whether the evidence supports the findings and second, whether the findings support the judgment. *Ahuja v. Lynco Ltd. Medical Research,* 675 N.E.2d 704, 707 (Ind.Ct.App.1996), *trans. denied.* The judgment will be reversed only when clearly erroneous. *Id.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.* A judgment is clearly erroneous even though there is evidence to support it if the reviewing court's examination of the record leaves it with the firm conviction that a mistake has been made. *Owensby v. Lepper,* 666 N.E.2d 1251, 1256 (Ind.Ct.App.1996), *reh'g denied.*

■ We first address whether Ferguson had standing to challenge the tax deed. The redemption statutes require that notice be given to "the owner and any person with a substantial interest of public record." Ind. Code § 6–1.1–25–4.5 and 4.6. Van Buskirk argues that because Ferguson was not listed as an owner of the property at the time of the tax sale, he was not entitled to notice of the tax sale, of the redemption period expiration date, or of the filing of the verified petition for issuance of the tax deed. Van Buskirk further argues that because Ferguson was not entitled to statutory notice, he did not have standing to challenge the validity of the tax deed.

As is discussed below, we do not agree that Ferguson was not entitled to notice under Ind.Code § 6–1.1–25–4.5 and 4.6. Furthermore, we believe that the reasoning of *Hoepner v. Wright,* 622 N.E.2d 989 (Ind.Ct.App. 1993) is applicable. In *Hoepner,* a property owner who had failed to record his deed to property, was not notified by the county auditor of the impending tax sale of the property. Accordingly, the property owner did not timely challenge the sale. However, the property owner later filed an action to set aside the tax deed. The tax sale purchaser argued that the property owner lacked standing to challenge the tax deed. We held that inherent in the power created to challenge the sale of an owner's property is a presumption that the county auditor would fulfill his duty. *Id.* at 990. We further held that the property owner had standing to pursue his action. *Id.* at 990–91.

In the present case, the confusion over the ownership of Tract 3 was caused by the county auditor's error. We apply the reasoning of *Hoepner* to reach the conclusion that such error should not deprive Ferguson of standing to challenge the tax sale.

We now turn to the question of whether the trial court correctly determined that Van Buskirk committed fraud. T.R. 60(B)(3) provides that a party may obtain relief from a judgment or order for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Under T.R. 60(B)(3), the movant must establish that "an unconscionable plan or scheme was used to improperly influence the Court's decisions, and that such acts prevented the losing party from fully and fairly presenting his case or defense...." *Humbert v. Smith*, 655 N.E.2d 602, 607 (Ind.Ct.App.1995), *aff'd* 664 N.E.2d 356 (Ind.1996).

The trial court concluded that Van Buskirk made "fraudulent misrepresentations" pertaining to whether he had given proper notice under the tax sale and redemption statutes. In its order, the trial court made the following conclusions:

a) [Van Buskirk] caused the statutory tax notices to be sent to an old address of St. John, knowing that the address was invalid and incorrect while knowing or having the means to ascertain the true and correct address of St. John. [Van Buskirk] had further knowledge or the means to ascertain that [Ferguson was] the [owner] in possession of the real estate but failed to cause any notice to be sent to [Ferguson], and b) the fraudulent misrepresentations or misconduct of [Van Buskirk] were made to the material element of notice, as required by statute for the issuance of a tax title deed. [Ind.Code § ] 6–1.1–25–4.5. Therefore, the Court Order for tax title deed ... is invalid, void and of no force and effect and deprived [Ferguson] of [his] valuable property rights without due process.

(R. 208).

Van Buskirk contends that the evidence before the court was insufficient to support the trial court's conclusion that he attempted to prevent Ferguson from receiving notice. He notes that he caused notice to be placed in the newspaper. We have previously held that "legal publications in newspapers are a poor and inadequate method of notification, and can only be used as a substitute *where actual notice from a practical point of view cannot be given." Fritz v. Board of Trustees*

*Town of Clermont*, 253 Ind. 202, 252 N.E.2d 567, 569 (1969) (emphasis supplied). Here, where actual notice could have been given to both St. John and to Ferguson, and where notice by legal publication was given instead, we cannot say that the trial court's conclusion is incorrect.

Van Buskirk also contends that there is no evidence to support the trial court's conclusion that he knew that Ferguson was the property owner or that he knew either St. John's or Ferguson's address. In support of this contention, he cites to his testimony that at the end of the telephone conversation with St. John, he believed that the property in the tax sale was not owned by his uncle, but by some other Glen St. John. We must concur with the trial court that Van Buskirk's testimony does not support the conclusion Van Buskirk wants us to reach. Instead of indicating that Van Buskirk was lacking knowledge, the testimony indicates that Van Buskirk was lacking an awareness of the trial court's ability to distinguish between truthful and fraudulent representations.

## CONCLUSION

The trial court erred in requiring Morgan County to pay Van Buskirk's and Ferguson's attorney fees and costs. Accordingly, we reverse and remand with instructions that the trial court vacate its order. Upon remand, the trial court should rule on Ferguson's request that Van Buskirk be ordered to pay his fees and costs.

The trial court did not err, however, in determining that Ferguson had standing to challenge the tax deed. The trial court also did not err in determining that the tax deed should be set aside pursuant to T.R. 60(B)(3).

BAILEY, J., and NAJAM, J., concur.