**Rich EVANS, Appellant–Defendant,**

v.

**MEDICAL AND PROFESSIONAL COLLECTION SERVICES, INC., Appellee–Plaintiff.**

**No. 87A05–0006–CV–222.**

Court of Appeals of Indiana.

Jan. 12, 2001.

---

Steven K. Hahn, Zeimer Stayman Weitzel & Shoulders, LLP, Evansville, Indiana, Attorney for Appellant.

F. Stephen Sheets, Evansville, Indiana, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge

Rich Evans appeals the judgment in favor of Medical and Professional Collection Services, Inc. (Collection Services), assignee of Tri–State Interconnects, Inc. (TSI), on the complaint for breach of contract. As consolidated and restated, the sole issue raised in this appeal is:

Did the trial court err when it found Evans personally liable for advertising services performed under the contract between TSI and "Evans Ford"?

We reverse.

The record discloses that, on August 10, 1998, TSI entered into a contract with "Evans Ford" whereby TSI would provide cable advertising for the car dealership owned by Evans. TSI placed the dealer-

ship's business address on the contract. Evans signed the agreement. Under his illegible signature, in the space denominated "Title", Evans wrote what appears to be "President". *Record* at 100 (side 1). The contract identifies "[t]he organization contracting for cable TV tine [sic] by this contract" as "AGENCY". *Record* at 100 (side 2). Under "PAYMENT AND BILLING", the instrument provides in relevant part:

> (e) STATION agrees to hold AGENCY solely liable for payment to be made under this contract, except that where AGENCY is not an advertising agency, the person, firm or corporation which authorizes AGENCY to contract for cablecast time hereunder shall be liable in the event of default by AGENCY.
>
> (f) If collection or court action would become necessary, AGENCY remains liable for collection, court and or attorney fees.

*Id.*

TSI sent invoices to "Evan's Ford" at its business address, but the dealership did not pay $3,600.00 in advertising fees incurred. TSI then sent invoices to Evans at his residence. When it still did not receive payment, TSI assigned its right to collect the debt to Collection Services, which filed a complaint against Evans personally.

Evans requested findings of fact and conclusions thereon pursuant to Ind. Trial Rule 52(A). At the bench trial, Evans testified that his business was organized as a corporation under the name of Evans Lincoln Mercury Ford, Inc. He further testified that he was in the process of selling that business. After a bench trial, the trial court found that "Rich Evans contracted with [TSI] for cablecast advertising as evidenced by the written contract". *Record* at 50. The court further

determined that "AGENCY", as used in the contract, refers to Rich Evans and, thus, ordered Evans personally liable for cablecast services of $3,600.00, collection fees of $1,200.00, attorney's fees of $1,325.00, and prejudgment interest of $276.27, for a total judgment of $6,401.27, plus costs. Evans appeals that ruling, insisting that he is not personally liable for debt incurred by his business.

Both parties agree that, when a party has requested specific findings of fact and conclusions of law under Ind. Trial Rule 52(A), we review the judgment by determining, first, whether the evidence supports the findings and, second, whether the findings support the judgment. *Perkins v. Owens*, 721 N.E.2d 289 (Ind.Ct. App.1999). In undertaking our review, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we neither reweigh the evidence nor assess witness credibility. *Morgan County v. Ferguson*, 712 N.E.2d 1038 (Ind.Ct.App.1999).[1]

This case, however, involves contract interpretation. When interpreting a written contract, our goal is to determine the intent of the parties at the time of execution as revealed by the language they chose in expressing their rights and responsibilities. *Anderson v. Horizon Homes, Inc.*, 644 N.E.2d 1281 (Ind.Ct.App. 1995), *trans. denied.* Where the terms of a contract are unambiguous, the meaning of the contract is determined as a matter of law. *Id.* Thus, interpretation of the contract is a question to which this court owes no deference. *See id.; Bernstein v. Glavin*, 725 N.E.2d 455 (Ind.Ct.App.2000), *trans. denied.*

On the other hand, when the meaning of the contract cannot be gleaned from the four corners of the instrument,

1. Evans asserts that, when a party requests findings of fact and conclusions of law pursuant to T.R. 52(A), this court may not affirm the judgment on any legal theory. That statement does not reflect the current state of our

decisional law. Specifically, in *Mitchell v. Mitchell*, 695 N.E.2d 920 (Ind.1998), our supreme court held that the reviewing court may affirm the trial court's judgment on any legal theory supported by the findings.

the intention of the parties becomes a question of fact, and resort to extrinsic evidence is proper. *Anderson v. Horizon Homes, Inc.*, 644 N.E.2d 1281. Under that scenario, our review of a court's findings is deferential. In any event, the threshold question of whether a contract is ambiguous is also a question of law. *Bernstein v. Glavin*, 725 N.E.2d 455. The test for determining if a contract is ambiguous is whether reasonable persons would find the agreement subject to more than one interpretation. *Anderson v. Horizon Homes, Inc.*, 644 N.E.2d 1281.

■ First, we disagree with the trial court's finding that Rich Evans personally contracted with TSI. We need not resort to extrinsic evidence in this instance because the contract unambiguously states that the agreement is "between [TSI] and Evans Ford". *Record* at 100 (page 1). TSI itself designated the business, not Evans, as the party with whom it had contracted. It also listed the relevant address as that of the business. Further, Evans signed the document in his representative rather than his personal capacity.

We also disagree with the court's finding that "AGENCY", as used in the contract, refers to Evans. "AGENCY" is specifically defined as "[t]he organization contracting for cable TV tine [sic] by this contract". *Record* at 100 (page 2). The organization named in the contract is "Evans Ford", the car dealership. Although Evans testified that the name of the dealership was Evans Lincoln Mercury Ford, Inc., not Evans Ford, the intent of the parties is clear. TSI contracted with the corporation to provide advertising services. Evans is not a party to the contract, and he cannot be held personally liable for the corporate debt.

Judgment reversed.

MATTINGLY and BAILEY, JJ., concur.