CATERPILLAR, INC., Petitioner,

v.

INDIANA DEPARTMENT OF STATE REVENUE, Respondent.

No. 49T10–0812–TA–70.

Tax Court of Indiana.

March 28, 2013.

Timothy J. Eifler, Walter L. Sales, Stoll Keenon Ogden PLLC, Louisville, KY, Attorneys For Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, Timothy A. Schultz, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

ORDER ON PARTIES' CROSS–MOTIONS FOR SUMMARY JUDGMENT

WENTWORTH, J.

This matter concerns the proper calculation of Indiana net operating losses (NOLs) available for carryover when a cor-

poration receives dividend income from its foreign subsidiaries (Foreign Source Dividends or FSDs). Caterpillar, Inc. and the Indiana Department of State Revenue are currently before the Court on cross-motions for summary judgment. While the parties offer several reasons to support their positions, the dispositive issue is whether Caterpillar's FSDs are deductible in calculating its Indiana NOLs, including those available for carryover as a deduction from taxable income in future years under Indiana Code § 6–3–2–2.6.[1] The Court finds that they are.

## FACTS AND PROCEDURAL BACKGROUND

Caterpillar is a Delaware corporation commercially domiciled in Illinois. (Jt. Stipulation Facts ("Jt. Stip.") ¶ 1; Pet'r Br. Supp. Mot. Summ. J. ("Pet'r Br.") at 2.) It is the largest manufacturer of construction and mining equipment in the world, and it conducts its operations from several international and domestic locations, including a manufacturing plant in Lafayette, Indiana. (Jt. Stip. ¶¶ 2–3.) During 2000 through 2003, Caterpillar directly or indirectly owned over 250 subsidiaries, the majority of which were foreign corporations that operated exclusively outside the United States. (Jt. Stip. ¶ 4.) Caterpillar received dividends from both its domestic subsidiaries (U.S. Source Dividends) and its foreign subsidiaries (Foreign Source Dividends or FSDs) in each of the years 2000 through 2003 (the Loss Years). (See Jt. Stip. ¶¶ 6, 8.)

When Caterpillar calculated its Indiana adjusted gross income tax liability for the Loss Years, it started with its federal taxable income, which did not include its U.S. Source Dividends under I.R.C. § 243(a). (See Jt. Stip. ¶ 12.) Caterpillar's federal taxable income did include, however, its Foreign Source Dividends. (See Jt. Stip. ¶ 12.) As a result, Caterpillar took the Foreign Source Dividend deduction under Indiana Code § 6–3–2–12 and reported Indiana NOLs on a separate company basis in each of the Loss Years. (See Jt. Stip. ¶¶ 11–12.)

Prior to the Loss Years, Caterpillar reported taxable adjusted gross income on its 1996 through 1999 Indiana tax returns on a separate company basis. (Jt. Stip. ¶ 10.) Thereafter, Caterpillar filed amended returns for those years to carryback the unused Indiana NOLs reported on its 2000, 2001, and 2002 Loss Year returns, requesting a refund for overpaid taxes. (Jt. Stip. ¶¶ 13–14.)

The Department subsequently audited Caterpillar's 1996 through 2003 tax returns. (Jt. Stip. ¶ 15.) The audit determined that Caterpillar's Indiana NOL deductions were inaccurate because they deducted Caterpillar's Foreign Source Dividend income. (Jt. Stip. ¶ 17.) The Department recalculated Caterpillar's NOLs for the Loss Years by adding back the Foreign Source Dividend income, which reduced the NOL amount available for carryback and carryforward. (Jt. Stip. ¶ 18, Ex. 16A.)

Caterpillar protested the Department's recalculation of its Indiana NOLs. (Jt. Stip. ¶ 20.) On October 10, 2008, the Department issued its Letter of Findings

---

1. For example, the parties dispute whether Indiana Code § 6–3–2–2 or certain federal elections controlled the inclusion/exclusion of FSDs in calculating an Indiana NOL. (*Cf., e.g.,* Pet'r Reply Br. at 18–19; Pet'r Br. Supp. Mot. Summ. J. ("Pet'r Br.") at 13–16 *with* Resp't Resp. Br. at 2–3, 5–8; Resp't Br. Supp. Cross–Mot. Summ. J. ("Resp't Br.") at 9–10, 16–17.) The parties also dispute whether the inclusion/exclusion of FSDs in calculating an Indiana NOL violated the Foreign Commerce or Equal Protection Clauses of the United States Constitution. (*Cf.* Pet'r Br. at 25–30 *with* Resp't Br. at 22–24.)

(LOF) denying Caterpillar's protest. (Jt. Stip. ¶ 22, Ex. 22.)

On December 9, 2008, Caterpillar initiated this original tax appeal. On October 30, 2009, Caterpillar moved for summary judgment, and on January 15, 2010, the Department filed its cross-motion for summary judgment. The Court held a hearing on the parties' cross-motions on June 29, 2010. Additional facts will be added as necessary.

## STANDARD OF REVIEW

Summary judgment is proper when the designated evidence demonstrates that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Cross-motions for summary judgment do not alter this standard. *Mirant Sugar Creek, LLC v. Indiana Dep't of State Revenue*, 930 N.E.2d 697, 699 (Ind. Tax Ct.2010) (citation omitted). Resolution of a case by summary judgment is particularly appropriate when, as here, the relevant facts are undisputed and only questions of statutory interpretation are at issue. *See Whetzel v. Dep't of Local Gov't Fin.*, 761 N.E.2d 904, 908 (Ind. Tax Ct.2002) (citation omitted). "One of the fundamental rules of statutory construction is that a statute which is clear and unambiguous on its face needs no interpretation." *Indiana Dep't of State Revenue v. Endress & Hau-*

*ser, Inc.*, 404 N.E.2d 1173, 1175 (Ind.Ct. App.1980).

## LAW & ANALYSIS

Indiana Code § 6–3–2–2.6 (the NOL Statute) provided the method to determine an Indiana NOL:

> An Indiana net operating loss equals the taxpayer's federal net operating loss for a taxable year as calculated under Section 172 of the Internal Revenue Code, derived from sources within Indiana and adjusted for the modifications required by IC 6–3–1–3.5.

Ind.Code § 6–3–2–2.6(c) (2004) (footnote omitted).[2] Indiana Code § 6–3–2–12 (the FSD Statute), in relevant part, provided:

> A corporation that includes any foreign source dividend in its adjusted gross income for a taxable year is entitled to a deduction from that adjusted gross income.

Ind.Code § 6–3–2–12(b) (2003).

The parties dispute whether the deduction of FSDs under the FSD Statute applies when calculating Indiana NOLs under the NOL Statute. The Department claims that Caterpillar was not entitled to deduct its FSDs in calculating its Indiana NOLs because the NOL Statute neither expressly incorporates the FSD Statute nor specifically references deducting FSDs as a modification in Indiana Code § 6–3–1–3.5. (*See, e.g.*, Resp't Br. Supp. Cross–

2. The parties dispute whether the 2002 or the 2004 version of Indiana Code § 6–3–2–2.6 applies in this case. (*Cf.* Resp't Br. at 14–15 *with* Pet'r Reply Br. at 5–6.) A non-code section enacted with the 2004 version of the statute indicates that the 2004 version controls:

> (f) The following provisions apply to deductions for net operating losses that are *claimed* after December 31, 2003:
> (2) Deductions for net operating losses that were incurred in taxable years ending before January 1, 2004, and that are

carried forward and deducted in taxable years ending after December 31, 2003, must be calculated under IC 6–3–2–2.5 and IC 6–3–2–2.6, both as amended by this act.

P.L. 81–2004, § 62 (repealed 2010). (*See also* Hr'g Tr., Pet'r Ex. (Instructions for 2004 Form IT–20 at 24) citing the non-code section and instructing that: "[a]ll loss years ending after January 1, 2004 and pre-existing NOL(s) carried over to a taxable year after this date must be recomputed by applying the amended provisions of this Act").)

Mot. Summ. J. at 7–8, 17.) Caterpillar contends, however, that the method of calculating Indiana NOLs necessarily triggered the statutory deduction of FSDs because its FSD income was included in its adjusted gross income in calculating its Indiana NOL for each of the Loss Years. (*See, e.g.,* Pet'r Br. at 17–19.) To determine whether Caterpillar is entitled to deduct its FSD income in calculating its Indiana NOLs, the Court must answer two questions: 1) is "adjusted gross income" a component of the Indiana NOL Statute and, if so, 2) is Caterpillar's FSD income included in that adjusted gross income.

### 1.

The term "adjusted gross income" does not appear in the Indiana NOL Statute. *See* I.C. § 6–3–2–2.6. Nonetheless, a corporation's "adjusted gross income" is "the same as '[federal] taxable income' (as defined in Section 63 of the Internal Revenue Code)[,]" as modified under Indiana Code § 6–3–1–3.5. Ind.Code § 6–3–1–3.5(b) (2003); *see also Subaru–Isuzu Auto., Inc. v. Indiana Dep't of State Revenue,* 782 N.E.2d 1071, 1075 (Ind. Tax Ct.2003). Accordingly, "adjusted gross income" is a component of the Indiana NOL Statute if the calculation includes "federal taxable income" that is modified by Indiana Code § 6–3–1–3.5.

To determine the amount of an Indiana NOL, a taxpayer begins with its federal NOL calculated under I.R.C. § 172. *See* I.C. § 6–3–2–2.6(c). A federal NOL "means the excess of the deductions allowed by this chapter[, as modified,][3] over the gross income." I.R.C. § 172(c) (2003) (footnote added). Compare that definition to "the term '[federal] taxable income' [which] means gross income minus the de-

ductions allowed by this chapter" in determining federal income tax. I.R.C. § 63(a) (2003). Although these definitions are not identical, their calculations are. *Cf.* I.R.C. § 172 *with* I.R.C. § 63. Consequently, a taxpayer's federal taxable income is included in or identical to its federal NOL.

■ The federal taxable income component within the Indiana NOL Statute must also be modified under Indiana Code § 6–3–1–3.5(b), however, if it is to constitute "adjusted gross income." The plain language of the Indiana NOL Statute itself requires the federal NOL to be modified under Indiana Code § 6–3–1–3.5; thus, the resulting calculations contain "adjusted gross income." *See* I.C. § 6–3–2–2.6(d)(1). Consequently, even though the term "adjusted gross income" is not used in the Indiana NOL Statute, the components of the NOL calculation establish its presence.

### 2.

■ Next, the Court must determine whether Caterpillar's FSD income is included in its "adjusted gross income" within the NOL Statute. Caterpillar's federal taxable income is the starting point for determining its Indiana adjusted gross income. *See* I.C. § 6–3–1–3.5(b); *see also Endress & Hauser,* 404 N.E.2d at 1175. As stated above, federal taxable income is gross income minus the deductions allowed by the Internal Revenue Code. *See* I.R.C. § 63(a). Caterpillar's gross income ("all income from whatever source derived") included its FSD income. *See* I.R.C. § 61(a) (2003); (*see also* Jt. Stip. ¶ 12.) The facts further reveal that in calculating its federal taxable income for the Loss Years, Caterpillar did not deduct its FSDs from its

---

**3.** The modifications either disregard or adjust an otherwise allowable deduction in computing taxable income. *See* I.R.C. § 172(d) (2003). The only modification applicable

here eliminates any federal NOL deduction to prevent NOL carrybacks and carryforwards to other taxable years from enlarging an NOL for the loss year. *See id.* at (d)(1).

gross income under I.R.C. § 245.[4] (*See* Jt. Stip. ¶¶ 6–7, 9 (footnote added).) Finally, the statutory adjustments delineated in Indiana Code § 6–3–1–3.5 did not require the subtraction of FSD income. *See* I.C. § 6–3–1–3.5(b)(1)–(8). As a result, Caterpillar's FSDs were included in its federal taxable income, in its federal NOL, and in its adjusted gross income within the Indiana NOL Statute. Caterpillar was therefore entitled to deduct its FSD income under Indiana Code § 6–3–2–12 in calculating its Indiana NOLs.

The plain meaning of definitions and words used in each of the relevant federal and Indiana statutes compel this conclusion. *See Johnson Cnty. Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue*, 568 N.E.2d 578, 580–81 (Ind. Tax Ct.1991), (providing that the words of the statutes are the best evidence of the Legislature's intended meaning), *aff'd by* 585 N.E.2d 1336 (Ind.1992). Moreover, finding that the Indiana NOL Statute requires FSDs to be deducted while the federal NOL does not is consistent with the Legislature's intent in enacting Indiana Code § 6–3–2–2.6.

■ A statutory amendment raises the presumption that the Legislature intended to change the law, unless it plainly appears that the amendment was passed in order to express its original intent more clearly. *Endress & Hauser*, 404 N.E.2d at 1175 (citations omitted); *see also United Nat'l Ins. Co. v. DePrizio*, 705 N.E.2d 455, 460 (Ind.1999) (citations omitted). As originally set forth, corporate adjusted gross income completely conformed with the federal NOL under I.R.C. § 172 because there were no Indiana statutory adjustments involving NOLs. *See Endress & Hauser*, 404 N.E.2d at 1175. In 1983, the Legislature decoupled from this federal NOL conformity by including an adjustment that only allowed losses from an Indiana source. *See* P.L. 82–1983, § 1.[5] Then, in 1987, the Legislature moved further away from federal NOL conformity by deleting Indiana Code § 6–3–1–3.5(b)(4) and enacting in its place an independent Indiana NOL Statute. *See* P.L. 91–1987, § 4. These amendments, deletions, and additions to Indiana's treatment of NOLs clearly indicate that the Legislature intended to change from complete federal NOL conformity to less conformity by providing several Indiana-specific distinctions. It is in keeping with this history to find that deducting FSDs is one of those distinctions.

Similarly, in 1987, the Legislature added a separate FSD Statute to the Indiana Code, like many other states, to ensure the calculation of taxable income did not discriminate against taxpayers with Foreign Source Dividends by more favorable treatment of taxpayer's with U.S. Source Dividends. *See* P.L. 383–1987(ss), § 4; *see*

---

**4.** The deduction allowed under I.R.C. § 245 applies exclusively to the U.S. source portion of foreign dividends. *See* I.R.C. § 245 (2003). Caterpillar was not entitled to take this deduction because its foreign subsidiaries did not operate in the U.S. (*See* Pet'r Br., App. at Ex. 2 ¶ 14.)

**5.** As originally enacted, Indiana Code § 6–3–1–3.5(b) defined "adjusted gross income" similar to today as "federal taxable income." As a result, Indiana conformed 100% to the federal NOL. In 1983, the Legislature added

subsection (b)(4) to Indiana Code § 6–3–1–3.5(b), which stated:

> Add an amount equal to the deduction allowed under Section 172 of the Internal Revenue Code for net operating losses that are derived from sources outside Indiana. The amount of net operating losses that are derived from sources outside Indiana shall be determined in the same manner that the amount of business income derived from outside Indiana is determined under IC 6–3–2–2.

P.L. 82–1983, § 1.

1274

also *Kraft Gen. Foods, Inc. v. Iowa Dep't of Revenue & Finance,* 505 U.S. 71, 81, 112 S.Ct. 2365, 120 L.Ed.2d 59 (1992) (finding Iowa's tax scheme discriminated against foreign commerce by taxing the dividends of a foreign subsidiary, but not the dividends of a domestic subsidiary in violation of the Foreign Commerce Clause). A clue that the Legislature intended the FSD Statute to have a broader application, however, is found within the language of the FSD Statute itself. It is written broadly to apply to "a corporation that includes any foreign source dividend in its adjusted gross income for a taxable year." I.C. § 6–3–2–12(b). Likewise, the Legislature omitted language limiting the FSD Statute's application to the calculation of adjusted gross income under Indiana Code § 6–3–1–3.5. *Id.* Moreover, implicit in the Legislature's provision of the FSD Statute in a separate provision from Indiana Code § 6–3–1–3.5 is the conclusion that the Legislature intended the FSD Statute to apply whenever FSD income is included in adjusted gross income, even when calculating Indiana NOLs.

## CONCLUSION

For all the reasons stated above, the Court GRANTS summary judgment to Caterpillar and DENIES summary judgment to the Department.

SO ORDERED.